**Yankovich v. Dicks**

**54**

*Marks & Marks*, for plaintiffs.

*Wiesen, Cusick, Madden, Joyce, Acker & McKay*, for defendant.

RODGERS, P. J., November 27, 1957.—The husband and wife plaintiffs filed an action in trespass for alleged personal injuries caused to the wife-plaintiff, arising out of an automobile accident with defendant. The complaint alleges, inter alia, injury to the cervical spine of the wife. There was no pleading of aggravation of existing conditions.

Defendant filed her answer, raising under new matter, that the wife-plaintiff had, previous to the alleged accident, sustained severe and permanent injury to her back, having been previously operated upon for a serious disk condition by the same doctor who treated her after the injury claimed incurred in the accident and whose bill is listed as an item of special damage.

Plaintiffs then replied denying previous injury.

The matter now before the court is the defendant's motion for rule to show cause why the plaintiffs "should not permit counsel for the defendant to examine and make copies of the hospital and medical records of the plaintiffs . . .".

This motion has been treated by counsel and will be considered by the court as a motion to permit examination and make copies of these records.

Plaintiffs' object to this motion first, because they are not in the possession, custody or control of plaintiff, and second, because they have volunteered to permit defendant to have her doctor examine plaintiff, and third, because defendant has stated under oath that plaintiff's present condition is not a continuation of a preëxisting condition.

The first objection alleges that the documents in question are not in the control or possession of plaintiff. These documents are, in a sense, in the joint con-

trol of plaintiff-patient and the doctor and/or hospital. Since they are otherwise matters which are subject to discovery and inspection under Pa. R. C. P. 4009, we believe that, to the extent that they are under the control of plaintiff, they must be made available to defendant. We believe this to be in line with the philosophy of a liberal construction of the discovery rules and that "the rule uses the phrase 'possession, custody and control' to broaden the availability of discovery over that based solely on possession. The phrase should be given a realistic interpretation and 'control' interpreted from a pragmatic rather than a legalistic point of view": 5 Anderson Pa. Civ. Pract. 247.

Reports of the doctor or the hospital prepared for plaintiff from the original records of the doctor or hospital are not available to defendant for the reasons set out in Lloyd v. McCune, Court of Common Pleas of Mercer County, 15, June term, 1957. However, the "privileged" nature of the doctor's testimony is not involved: 28 PS §328.

"The Act of June 7, 1907, P. L. 462, only forbids a physician or surgeon from disclosing, without the consent of his patient, in any civil case (except for damages on account of personal injuries), any information which he acquired in attending the patient in a professional capacity, *which tended to blacken the character of the patient*": Massich v. Keystone Coal & Coke Co., 137 Pa. Superior Ct., 541, 543.

With reference to the second objection, it is sufficient to say that an examination at this time would certainly not disclose all of the facts noted by the doctor or the hospital during the course of his treatment of plaintiff.

With reference to the third objection, there is nothing to prohibit defendant from seeking the facts for production at the trial in support of all the general

allegation that he "is informed and believes that the plaintiff, Theresa Yankovich's present condition is a continuation of a preëxisting condition".

### Order

And now, November 27, 1957, plaintiff is directed to deliver to defendant or his counsel, the authorization of plaintiffs, permitting the examination and/or copying of the doctor and hospital records of plaintiff which relate to any cervical or lower back injury of plaintiff, Theresa Yankovich.